# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY G. SCHULTZ,              )
                                 )
    Petitioner,                  )    Case No. 2:10-CV-02149-KJD-LRL
                                 )
vs.                              )
                                 )    ORDER TRANSFERRING CASE
UNITED STATE OF AMERICA,         )
                                 )
    Respondent.                  )
_____)

       This matter is before the court *sua sponte* to review petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in the Coleman Low Federal Prison in Coleman, Florida, and is appearing *pro se*. For the reasons stated below, the petitioner's case shall be transferred.

       This action on a petition for writ of habeas corpus is brought by a federal inmate housed in a Florida correctional facility. The interested parties, as identified by petitioner, are all found in Florida. The conviction being attacked was obtained in the State of Florida. Petitioner's sole claim to this venue is the fact that he was arrested in Nevada, while there "for business reasons." Petitioner appears to forum shopping to avoid bringing his claims before the U.S. District Court in Florida, which he alleges would "prefer[] to trample on Movant's Federal Constitutional rights..."

1    The petition will be transferred to the United States District Court for the Middle
2 District of Florida.  Nothing in the petition indicates any connection between the Florida respondents
3 and the State of Nevada such that *in personam* jurisdiction could be properly exercised. *Cortez Byrd*
4 *Chips, Inc. v. Bill Harbert Const. Co.,* 529 U.S. 193, 200, 120 S.Ct. 1331, 1337 (2000); *Passantino*
5 *v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 505 (9th Cir.2000).  Furthermore,
6 because the events occurred in Florida and respondents are located there, venue is improper in this
7 district.  28 U.S.C. § 1391(b); *King v. Russell,* 963 F.2d 1301, 1305 (9th Cir.1992); *Flanagan v.*
8 *Shively,* 783 F.Supp. 922, 935 (M.D. Pa., *Aff'd.* 980 F.2d 722 (3rd Cir. 1992).

9    Under these circumstances, the petition could be transferred to California under 28
10 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(2) and (3) or dismissed.  Accordingly, the petition will be
11 transferred.

12    **IT IS THEREFORE ORDERED** that the Clerk is directed to transfer this case to
13 the United States District Court for the Middle District of Florida.

14    DATED:  January 14, 2011

_____
UNITED STATES DISTRICT JUDGE